IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KEVIN O'NEILL, | ) |
|     Plaintiff, | ) |
| v. | ) No. 4:22-CV-00215-DGK |
| DENNIS BARTON III, DEBT CO, LLC, and PETE BUSHMAN, | ) |
|     Defendant. | ) |

## ORDER DENYING WITHOUT PREJUDICE MOTION TO DISQUALIFY

Now before the Court is Plaintiff's motion—brought pursuant to Local Rule 83.6(c)(1)—to disqualify Dennis J. Barton, III as counsel on behalf of Defendant Debt Co., LLC, ECF No. 14. Barton is himself a party to this lawsuit, and is representing both Defendant Debt. Co. and himself.[1]

Plaintiff Kevin O'Neill alleges the following: Defendant Pete Bushman ("Bushman") hired Defendant Debt Co, LLC ("Debt Co.") and Defendant Dennis J. Barton, III ("Barton") to collect a debt from Plaintiff for services rendered to him by a company known as "Apollo Air." However, Plaintiff did not owe the debt, and in fact the company "Apollo Air" did not exist.

When Plaintiff refused to pay the debt, Defendant Debt Co. reported it to various credit reporting agencies. Plaintiff disputed the debt, and when these agencies consulted Defendant Debt Co. about whether Plaintiff owed the debt, Defendant Debt Co. affirmed that Plaintiff owed it. Plaintiff still refused to pay the debt, and the three defendants sued Plaintiff in the Circuit Court of Clay County, Missouri. The defendants ultimately dismissed the suit during trial.

Plaintiff now brings this two-count suit. In Count I, Plaintiff alleges Defendant Debt Co.

---

[1] The relationship between Defendant Barton and Defendant Debt Co. is unclear.

violated the Fair Credit Reporting Act. In Count II, Plaintiff brings a claim against Defendants Bushman and Barton for malicious prosecution.

### Standard

Local Rule 83.6 (c)(1) incorporates to this Court the Rules of Professional Conduct adopted by the Missouri Supreme Court.[2] As "the potential for abuse by opposing counsel is high," the Court subjects motions to disqualify an opposing party's attorney to "particularly strict scrutiny." *Droste v. Julien*, 477 F.3d 1030, 1035 (8th Cir. 2007). "A party's right to select its own counsel is an important public right and a vital freedom that should be preserved; the extreme measure of disqualifying a party's counsel of choice should be imposed only when absolutely necessary." *Macheca Transp. Co. v. Philadelphia Indem. Co.*, 463 F.3d 827, 833 (8th Cir. 2006) (quotation omitted).

### Discussion

Plaintiff argues that Defendant Barton's representation of himself and Defendant Debt Co. violates Missouri Supreme Court Rules 4-1.7; 4-1.9; 4-3.7; and 4-5.4.

**I.     Plaintiff has not shown that Barton's representation of himself and Defendant Debt Co. runs afoul of Rules 4-1.9 and 4-5.4.**

Rule 4-1.9 deals with an attorney's duties to former clients. Rule 4-1.9(a) prevents an attorney who previously represented a client in one matter from later "represent[ing] another person in the same or a substantially related matter in which that person's interests are materially

---

[2] Local Rule 83.6(c)(1) states as follows:

> An attorney admitted to this Bar has committed misconduct if he or she violates the District's adopted Code of Professional Responsibility, whether by act or omission, whether committed individually or in concert with any other person or persons, and whether committed in the course of an attorney client relationship or the practice of law. The District's Code of Professional Responsibility is the Rules of Professional Conduct adopted by the Supreme Court of Missouri, except as otherwise provided by specific order of the Court en banc after consideration of comments by representatives of bar associations within the State.

2

adverse to the interests of the former client . . . ." Rule 4-1.9(b) prevents an attorney from knowingly representing a person in the same or a substantially related matter where "a firm with which the lawyer formerly was associated" previously represented a client with interests materially adverse to that person. Rule 4-1.9(c) prevents a lawyer who previously represented a client from using information gained during that representation to disadvantage the former client or revealing information relating to the representation.

The Court is at a loss to understand how any portion of Rule 4-1.9 would apply to this case. Plaintiff does not name any of Defendant Barton's former clients and does not state how Defendant Barton's representation in this case would run afoul of this rule.

The Court is similarly at a loss as to how Rule 4-5.4(c) has any relevance to this matter. Rule 4-5.4(c) prevents an attorney who is being paid or recommended to provide legal services on another's behalf from allowing the payor or recommender to "direct or regulate the lawyer's professional judgment in rendering [] legal services." Plaintiff does not state that Defendant Debt Co.'s legal fees are being paid by another person or that another person recommended Defendant Barton to represent Defendant Debt Co., let alone whether Defendant Barton has allowed any such person to hold sway over his professional judgment. On the facts presented here, neither Rule 4-1.9 nor 4-5.4(c) have any relevance to this dispute.

## II. Plaintiff has not shown that Barton's representation of himself and Defendant Debt Co. runs afoul of Rule 4-3.7.

Rule 4-3.7 prevents an attorney from acting as an advocate at trial where the lawyer is likely to be a necessary witness.[3] Plaintiff argues that Defendant Barton's representation of Defendant Debt Co. runs afoul of this rule because Defendant Barton will be a necessary fact

---

[3] There are three exceptions to this rule, none of which are relevant to the instant motion. The Court expresses no opinion on whether these exceptions will be relevant later on in this litigation.

3

Case 4:22-cv-00215-DGK   Document 26   Filed 07/05/22   Page 3 of 6

witness as to the claim against him for malicious prosecution.

The purpose of the rule is to "avoid the possible confusion which might result from the jury observing a lawyer act in dual capacities—as witness and advocate." *Droste v. Julien*, 477 F.3d 1030, 1035–36 (8th Cir. 2007). Thus, Rule 4-3.7 does not apply to pretrial proceedings unless those pretrial proceedings include "obtaining evidence which, if admitted at trial, would reveal the attorney's dual role." *Id.* at 1036 (8th Cir. 2007). Plaintiff has made no attempt to argue that Defendant Barton's pretrial duties would reveal his dual role to the jury. *See also Payne v. Barton*, No. 4:15CV719NCC, 2015 WL 9269269, at *3 (E.D. Mo. Dec. 21, 2015) (involving the same issue in a similar credit dispute, wherein Defendant Barton was a defendant and represented his co-defendant).

However, the Court is concerned that Defendant Barton may run afoul of Rule 4-3.7 if he attempts to act as trial counsel. Thus, the Parties should not take this Order to state that a motion to disqualify Defendant Barton under Rule 4-3.7 will never be successful. Plaintiff simply has not carried his burden here.

### III. Plaintiff has not shown that Barton's representation of himself and Defendant Debt Co. runs afoul of Rule 4-1.7.

Finally, Plaintiff argues that Defendant Barton's representation of himself and Defendant Debt Co. runs afoul of Rule 4-1.7. Rule 4-1.7 prevents an attorney from representing a client where a concurrent conflict of interest exists. A concurrent conflict of interest exists where either

> (1) the representation of one client will be directly adverse to another client; or
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer.

Mo. Sup. Ct. R. 4-1.7(a). However, "[n]otwithstanding the existence of a concurrent conflict of interest under Rule 4-1.7(a), a lawyer may represent a client if:"

> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
> (2) the representation is not prohibited by law;
> (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
> (4) each affected client gives informed consent, confirmed in writing.

Mo. Sup. Ct. R. 4-1.7(b).

Defendant Barton's response indicates that he believes he will be able to provide competent representation on behalf of both himself and Defendant Debt Co, and he represents to this Court that Defendant Debt Co. has given informed written consent to his representation, despite the concurrent conflict. Resp. at 4–5, ECF No. 18. The case currently involves no claims between Defendant Debt Co. and Defendant Barton, and Plaintiff has not shown that the representation is prohibited by law. *See Payne*, 2015 WL 9269269, at *4 (involving the same issue in a similar credit dispute, wherein Defendant Barton was a defendant and represented his co-defendant). As such, Plaintiff has not shown that Defendant Barton's representation violates Rule 4-1.7.

Again, the Parties should not conclude from this that a motion to disqualify Defendant Barton as counsel will never be successful during this litigation. The Court is concerned that Defendant Barton may run afoul of Rule 4-1.7 later in this case. The Court's concern is compounded by the fact that neither party has explained the relationship between Defendant Barton and Defendant Debt Co. For example, if Defendant Barton is the sole member of Defendant Debt Co., there would be no cause for concern regarding a conflict of interest. As it stands, the Court simply does not have enough information.

## Conclusion

Plaintiff's motion to disqualify Defendant Barton is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Date: July 5, 2022                                     /s/ Greg Kays
                                                       GREG KAYS, JUDGE
                                                       UNITED STATES DISTRICT COURT